An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JANICE BROD F/K/A JANICE FLIEGLER,<br>Appellant,<br>vs.<br>ROBERT FLIEGLER,<br>Respondent. | No. 60375 |
| JANICE BROD F/K/A JANICE FLIEGLER,<br>Appellant,<br>vs.<br>ROBERT FLIEGLER,<br>Respondent. | No. 61949 |

FILED

FEB 19 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

These are related proper person appeals from post-divorce decree orders altering child custody and child support.[1] First Judicial District Court, Carson City; James Todd Russell, Judge.

Docket No. 60375

The appeal in Docket No. 60375 arises from a district court order granting respondent's motion for a change in child custody and child support. Appellant had primary physical custody of the parties' five children following the divorce, and was receiving spousal and child support from respondent. The district court granted respondent's motion to award both parties joint physical custody and, based on the change of

---

[1]We note that the record demonstrates that the district court bifurcated the original divorce proceedings, which this court discourages. See Smith v. Smith, 100 Nev. 610, 613 n.1, 691 P.2d 428, 431 n.1 (1984) (noting that "bifurcated divorce proceedings and the problems they are likely to engender are disfavored and should generally be avoided").

SUPREME COURT
OF
NEVADA

D) 1947A

13-05060

custody, altered respondent's child support obligation as outlined under Wright v. Osburn, 114 Nev. 1367, 970 P.2d 1071 (1998).

On appeal, appellant challenges only the district court's award of child support. Specifically, appellant argues that the income attributed to respondent for purposes of calculating child support was too low because respondent had obtained a forgiveness of debt that he owed, which, according to appellant, should have been added to respondent's income because he no longer had to repay the forgiven debt. We review a district court's award of child support for an abuse of discretion. Wallace v. Wallace, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996).

Having reviewed appellant's proper person appeal statement and the record on appeal, we conclude that appellant's argument does not warrant reversal of the district court's order. Appellant has not demonstrated, nor does the record establish, that the district court abused its discretion in determining the amount of income of each party for purposes of calculating child support under Wright, 114 Nev. 1367, 970 P.2d 1071, or in the amount of child support the district court awarded. Wallace, 112 Nev. at 1019, 922 P.2d at 543. Under NRS 125B.070, child support obligations are calculated based on a party's gross monthly income. The fact that respondent received a one-time reduction in the amount of debt he was obligated to repay to a third-party does not constitute monthly income for purposes of calculating child support. Thus, the district court did not abuse its discretion in not including this amount as part of respondent's income. Wallace, 112 Nev. at 1019, 922 P.2d at 543. We also conclude that appellant's argument that respondent in fact subtracted this same amount from his income lacks merit, as the record

demonstrates that this did not occur. Thus, we affirm the district court's order in Docket No. 60375.

Docket No. 61949

In Docket No. 61949, appellant challenges later orders amending child custody and support. While appellant's appeal of the support determination in Docket No. 60375 was pending in this court, the district court granted respondent's motion to change custody of one of the parties' children and granted respondent primary physical custody over this child. Based on the change in custody, the district court also lowered respondent's child support obligation.

Before addressing the merits of this appeal, we must determine whether the district court had jurisdiction to enter orders amending child custody and support while the appeal in Docket No. 60375 was still pending. In Mack-Manley v. Manley, 122 Nev. 849, 138 P.3d 525 (2006), this court addressed whether a district court retained jurisdiction to alter a child custody order that was pending on appeal. We concluded that a district court lacked jurisdiction to rule on a motion to modify child custody if there was an appeal pending in which the custody issue was raised before this court. Id. at 855, 138 P.3d at 529-30. The district court retained jurisdiction, however, "to enter orders on matters that are collateral to and independent from the appealed order." Id. at 855, 138 P.3d at 530. Because the district court lacked jurisdiction to amend a child custody order that was on appeal, this court ruled that the proper procedure to follow when seeking custody modification during a pending custody appeal was for the party seeking the change in custody to move for a remand from this court to the district court to allow the district court to enter its modification order, if it was so inclined, under the procedure outlined in Huneycutt v. Huneycutt, 94 Nev. 79, 575 P.2d 585 (1978),

disapproved on other grounds by Foster v. Dingwall, 126 Nev. ___, 228 P.3d 453 (2010). Mack-Manley, 122 Nev. at 855-56, 138 P.3d at 530.

Here, appellant challenged the child support award in the district court's order in Docket No. 60375; appellant did not challenge the child custody determination. Therefore, we conclude that the district court retained jurisdiction to amend child custody because that was not raised as an issue on appeal in Docket No. 60375. The district court lacked jurisdiction, however, to modify the child support award. Id. at 855, 138 P.3d at 529-30. A remand should have been sought in this court under the Huneycutt procedure in order to modify the child support award. But, based on the fact that the district court was inclined to modify the child support award, and in the interest of judicial economy, we conclude that it is appropriate to still consider the merits of the child support modification in connection with the child custody modification. Mack-Manley, 122 Nev. at 856, 138 P.3d at 531 (determining that in the interest of judicial economy and because the district court was inclined to grant a motion to modify, this court would consider the merits of an appeal from a child custody modification order even though the district court lacked jurisdiction).

Turning to the merits on appeal in Docket No. 61949, appellant disputes the district court's determination to alter child custody by granting respondent primary physical custody over one of the parties' children and the district court's reduction of child support based on the change in custody. Appellant argues that the district court incorrectly determined that a change in custody was in the child's best interest. As to the child support, appellant asserts that respondent's child support obligation should not have been lowered, that the district court's reduction

in the amount respondent had to pay was excessive, and that the new amount was not based on any established formula.

This court reviews a district court's child custody determination for an abuse of discretion. Wallace, 112 Nev. at 1019, 922 P.2d at 543. We will not overturn the district court's factual determinations if they are supported by substantial evidence. Ellis v. Carucci, 123 Nev. 145, 149, 161 P.3d 239, 242 (2007). But "the district court must have reached its conclusions for the appropriate reasons." Id. at 149, 161 P.3d at 241-42. The court's only consideration in determining child custody is the child's best interest, and modification of child custody is only appropriate if "(1) there has been a substantial change in circumstances affecting the welfare of the child, and (2) the child's best interest is served by the modification." Id. at 150, 161 P.3d at 242; see also NRS 125.480.

After reviewing the record on appeal and appellant's appeal statement, we conclude that the district court did not abuse its discretion in modifying custody based on the behavioral issues of the child. The district court undertook a proper analysis concerning a substantial change in circumstances and the best interests of the child in making its determination. NRS 125.480; Ellis, 123 Nev. at 149-50, 161 P.3d at 242.

As to the district court's modification of child support in light of the change in custody, we conclude that it was not an abuse of discretion to lower respondent's child support obligation in light of the change in custody. NRS 125B.145(4); Wallace, 112 Nev. at 1019, 922 P.2d at 543; see also Rivero v. Rivero, 125 Nev. 410, 436, 216 P.3d 213, 231 (2009) (explaining how to calculate child support when one party has primary physical custody and the other visitation). Additionally, the

SUPREME COURT
OF
NEVADA

(O) 1947A

district court properly took into consideration the children's best interest, see NRS 125B.145(2)(b), and the parties' disparity in income, see NRS 125B.080(9)(l), in determining the new child support amount, as the district court reduced the obligation less than it could have under the applicable statutory formulas. See NRS 125B.070. Thus, while the district court did not strictly apply the statutory formulas, this was a benefit to appellant and was properly supported by the district court as required under NRS 125B.080. Therefore, we also affirm the district court orders in Docket No. 61949.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. James Todd Russell, District Judge
       Janice Brod
       Peter B. Jaquette
       Carson City Clerk